UNITED STATES of America,
Plaintiff–Appellee,
Cross–Appellant,

State of Florida, Department of
Environmental Regulations,
Plaintiff–Intervenor,

v.

M.C.C. OF FLORIDA, INC., and Michael's
Construction Company, Defendants–
Appellants, Cross–Appellees.

No. 84–5738.

United States Court of Appeals,
Eleventh Circuit.

Jan. 17, 1989.

Thomas A. Harris, Milligan, Hooper, Harris & Barry, Chattanooga, Tenn., defendants-appellants, cross-appellees.

Dexter W. Lehtinen, U.S. Atty., Michael J. Mitchell, Asst. U.S. Atty., Miami, Fla., Paul R. Ezatoff, Jr., Asst. Atty. Gen., Fla. Dept. of Environmental Regulation, Tallahassee, Fla., Maria A. Iizuka, Dept. of Justice, Land & Nat. Res. Div., David C. Shilton, Washington, D.C., for plaintiff-appellee, cross-appellant.

ON PETITIONS FOR REHEARING

Before CLARK, Circuit Judge, HENDERSON *, Senior Circuit Judge, and HOFFMAN **, Senior District Judge.

PER CURIAM:

Both the appellants M.C.C. of Florida, Inc., and Michael's Construction Company, as well as plaintiff-intervenor State of Florida, Department of Environmental Regulations, have filed petitions for rehearing.

We first discuss the petition filed by appellants M.C.C. of Florida, Inc., and Michael's Construction Company.

I.

In its petition for rehearing, appellants contend that the panel misinterpreted *Tull v. United States*, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987), and argues that under *Tull* the appellants are entitled to a jury trial upon all issues presented by the case. Specifically, appellants urges us to vacate the following portion of our opinion:

---

* *See* Rule 3(b), Rules of U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

We interpret the Supreme Court's remand to affect only that portion of our prior opinion captioned "Jury Trial," 772 F.2d at 1506–07. Thus, the remaining portions of our opinion are the law of the case. We remand to the district court for a jury trial on the issue of liability. If the jury returns a verdict for the United States, the district court will be guided by that part of our opinion captioned "Remedy," 772 F.2d at 1507–08.

*United States v. M.C.C. of Florida, Inc.*, 772 F.2d 1501, 1507–08 (11th Cir.1985).

We are puzzled by appellants' petition for rehearing. As a practical matter, if we were to accede to appellants' request, the jury would fix both the amount of the civil penalty and the amount the appellants should pay for restitution of the damaged property. This all assumes, of course, that the government would win the liability issue before the jury. The Act, 33 U.S.C. § 1319(d) provides that violators "shall be subject to a civil penalty not to exceed $10,000 per day" during the period of the violation. The government's lawsuit sought civil penalties under the statute just quoted and sought restitution under the Rivers and Harbors Act of 1899, 33 U.S.C. § 401 *et seq.* Simply stated, the action under the Clean Water Act seeks to obtain the imposition of a fine upon a violator of that Act. An action under the Rivers and Harbors Act is an equitable lawsuit which seeks to enjoin any violation committed under that Act and seeks restitution.

The Supreme Court in *Tull* discussed the interplay of the equitable action under the Rivers and Harbors Act, as well as the legal remedy of the fine under the Clean Water Act. In *Tull, supra,* see n. 1 and as follows:

The Government next contends that, even if the civil penalties under subsection 1319(d) are deemed legal in character, a jury trial is not required. A court in equity was empowered to provide monetary awards that were incidental to or intertwined with injunctive relief. The Government therefore argues that its claim under subsection 1319(b), which authorizes injunctive relief, provides jurisdiction for monetary relief in equity. Brief for the United States 38. This argument has at least three flaws. First, while a court in equity may award monetary restitution as an adjunct to injunctive relief, it may not enforce civil penalties. *See Porter v. Warner Co., supra,* [328 U.S. 395], at 399, 66 S.Ct. [1086], at 1089 [90 L.Ed. 1332 (1946)]. Second, the Government was aware when it filed suit that relief would be limited primarily to civil penalties, since the petitioner had already sold most of the properties at issue. App. 110, 119. A potential penalty of $22 million hardly can be considered incidental to the modest equitable relief sought in this case.

Finally, the Government was free to seek an equitable remedy in addition to, or independent of, legal relief. Section 1319 does not intertwine equitable relief with the imposition of civil penalties. Instead each kind of relief is separably authorized in a separate and distinct statutory provision. Subsection (b), providing injunctive relief, is independent of subsection (d), which provides only for civil penalties. In such a situation, if a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Curtis v. Loether,* 415 U.S. [189], at 196 n. 11, 94 S.Ct. [1005], at 1009 n. 11 [39 L.Ed.2d 260 (1974)]. Thus, the petitioner has a constitutional right to a jury trial to determine his liability on the legal claims.

481 U.S. at 425, 107 S.Ct. at 1839.

From the foregoing it is clear to us that on remand the government could dismiss its claim for the $20,000 fine assessed by the district court under the Clean Water Act and accept the equitable remedy of $200,000 under the Rivers and Harbors Act. The appellant M.C.C. has specifically in its petition for rehearing requested that we vacate the "remedy" provision found at 772 F.2d at 1507–08. Thus if the government waives the $20,000 civil penalty, it being the civil penalty which entitles M.C.

C. to a jury trial, then this case is taken outside of the ambit of *Tull*. Any waiver by the government is subject to the approval of the district court.

The other reason that we are puzzled by M.C.C.'s petition for rehearing is that *Tull* specifically held that a defendant in the position of M.C.C. is entitled to a jury trial on only the liability issue. The dissent by Justice Scalia, joined by Justice Stevens, was based on the exact point made by M.C.C., that is, a defendant such as M.C.C. should receive a jury determination of both liability and the amount of the fine. The following is Part IV of the Supreme Court opinion in *Tull*, the concluding paragraph:

> We conclude that the Seventh Amendment required that the petitioner's demand for a jury trial be granted to determine his liability, but that the trial court and not the jury should determine the amount of penalty, if any. The judgment of the Court of Appeals is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.

481 U.S. at 427, 107 S.Ct. at 1840.

The petition for rehearing filed by M.C.C. and Michael's Construction Company is DENIED.

## II.

The petition for rehearing filed by the State of Florida, Department of Environmental Regulations is hereby GRANTED to the extent that it is relieved from any obligation to pay a part of the costs taxed July 7, 1988 in favor of M.C.C., but is DENIED with respect to the balance of its Petition for Rehearing.